IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN P. BLACK,<br><br>        Plaintiff,<br><br>        v.<br><br>OCWEN LOAN SERVICING LLC,<br><br>        Defendant. | Civil Action No. 15-cv-5927<br><br>Honorable Charles R. Norgle |

## ANSWER TO COMPLAINT

Ocwen Loan Servicing, LLC ("Ocwen"), by its attorneys Dykema Gossett PLLC, answers the complaint filed by Shaun P. Black as follows:

## GENERAL ALLEGATIONS

1. That the Defendant OCWEN, is an limited liability company chartered under Delaware law with offices at 1661 Worthington Road, Ste. 100, West Palm Beach, Florida. It does business in Illinois and has a registered agent in Illinois. Its agent's office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** Ocwen admits the allegations contained in paragraph 1.

2. OCWEN is engaged in the business of serving [sic] residential mortgage loans. It services thousands of loans in Cook County and the State of Illinois.

**ANSWER:** Ocwen admits the allegations contained in paragraph 2.

3. Plaintiff is a resident of Cook County.

**ANSWER:** Ocwen admits the allegations contained in paragraph 3.

4. That venue is proper in this jurisdiction as the parties are domiciled and doing business in Cook County.

1

**ANSWER:** Ocwen admits the allegations contained in paragraph 4.

5. That on or about the July 26, 2005, the Plaintiff entered into a mortgage for the property located at 2317 44th Street South, St. Petersburg, Florida 33711 (hereinafter "Property"). *See* Exhibit A attached hereto.

**ANSWER:** Ocwen admits the allegations contained in paragraph 5.

6. At all times relevant, OCWEN was the servicer of the mortgage for the property.

**ANSWER:** Ocwen admits that it was the servicer of the loan secured by the mortgage described in paragraph 5 commencing on or about March 1, 2013, and, except to the extent expressly admitted, denies the allegations contained in paragraph 6.

7. On or about the spring of 2013 OCWEN demanded that the Plaintiff provide insurance for the improvements to the property.

**ANSWER:** Ocwen denies the allegations contained in paragraph 7.

8. Plaintiff advised OCWEN more than once that the property did not have an improvement and that insurance was not required as per the mortgage.

**ANSWER:** Ocwen admits the allegations contained in paragraph 8.

9. That despite being advised by the Plaintiff on multiple occasions that the property did not have a building or improvement on it (as it had been previously demolished) OCWEN put LENDER PLACED INSURANCE on the property and deducted the fee from the Plaintiffs account.

**ANSWER:** Ocwen admits that it placed lender placed insurance on the Property, but denies that it deducted a fee from the Plaintiff's account, and further states that Ocwen cancelled the lender placed insurance in February 2014 and did not apply any payments made by the Plaintiff to pay for the lender placed insurance.

10. That when it did this, the Plaintiff's account was depleted of funds and as a result the account was deemed by OCWEN to be in default. OCWEN, then in July 2013 reported that the Plaintiff was not current in his payments to the credit bureaus.

**ANSWER:** Ocwen denies the allegations contained in paragraph 10.

11. This reporting of the Plaintiff's alleged delinquency was an error as it was a direct result of OCWEN's unilateral and improper taking of the Plaintiff's funds, creating an alleged deficiency and default where one should never had been created in the first place.

**ANSWER:** Ocwen denies the allegations contained in paragraph 11.

12. OCWEN also added late fees and property inspection charges when Plaintiff was not in default.

**ANSWER:** Ocwen denies the allegations contained in paragraph 12.

13. Plaintiff attempted to resolve these problems after realizing that his credit was being negatively affected both by phone and via fax with OCWEN, however, OCWEN's outsourced customer service center, believe to be in India, was unable to resolve the problems and kept providing contradictory and insufficient information to resolve matters.

**ANSWER:** Ocwen denies the allegations contained in paragraph 13.

14. Due to OCWEN's conduct, Plaintiff suffered damages including:

   a. Damage to his credit;

   b. Mental anguish as his credit rating has affected his ability to conduct his business in the most economical and efficient manner possible;

   c. Lost time spent attempting to correct the problem and damage to his credit.

    d.    Improper charges have been added to his loan balance payment and Plaintiff believes that OCWEN is not properly calculating his mortgage balance as a result of its errors.

**ANSWER:** Ocwen denies that its conduct was wrongful and denies that Plaintiff suffered any damages as a consequence of actionable conduct by Ocwen.

## COUNT I
## Breach of Contract

15.    Plaintiff repeats and realleges and incorporates by reference Paragraphs 1-14 of the General Allegations of the as Paragraphs 1-14 of Count I, as fully set forth herein.

**ANSWER:** Ocwen adopts its answers to paragraphs 1 through 14 above as its answers to paragraphs 1 through 14 of Count I.

16.    OCWEN breached its contract when it improperly charged Plaintiff for insurance that was not required; charged fees and late fees that were not required; and improperly alleged that Plaintiff was in default.

**ANSWER:** Ocwen denies the allegations contained in paragraph 16.

17.    At all times relevant Plaintiff complied with his obligations of the mortgage contract.

**ANSWER:** Ocwen denies the allegations contained in paragraph 17.

**WHEREFORE**, Ocwen requests that the Court enter judgment in its favor and against Plaintiff and award it such relief as the Court deems just and equitable.

## COUNT II
## RESPA

18.    Plaintiff repeats and realleges and incorporates by reference Paragraphs 1-14 of the General Allegations of the as Paragraphs 19-32 of Count II, as fully set forth herein.

4

**ANSWER:** Ocwen adopts its answers to paragraphs 1 through 14 above as its answers to paragraphs 19 through 32 of Count II.

33. OCWEN failed to respond to Plaintiff's demands and notices regarding the status of improvements on the property as required by RESPA, 12 U.S.C. section 2605(e).

**ANSWER:** Ocwen denies the allegations contained in paragraph 33.

34. OCWEN failed to take corrective action and failed to refrain from taking adverse action pending resolution of Plaintiff's inquiries, as required by RESPA.

**ANSWER:** Ocwen denies the allegations contained in paragraph 34.

35. OCWEN improperly noticed the credit bureaus that the Plaintiff was in default and caused Plaintiff to unnecessarily suffer a reduction in his credit rating, in violation of RESPA.

**ANSWER:** Ocwen denies the allegations contained in paragraph 35.

**WHEREFORE**, Ocwen requests that the Court enter judgment in its favor and against Plaintiff and award it such other relief that the Court deems just and equitable.

### COUNT III
### Consumer Fraud Act

36. Plaintiff repeats and realleges and incorporates by reference Paragraphs 1-14 of the General Allegations of the as Paragraphs 37-50 of Count III, as fully set forth herein.

**ANSWER:** Ocwen adopts its answers to paragraphs 1 through 14 above as its answers to paragraphs 37 through 50 of Count III.

51. OCWEN engaged in unfair acts and practices, in violation of 815 ILCS 505/2 by:

a. Failing to comply with RESPA

b. Failing to refrain from placing insurance on the property where there was no improvement.

    c.    Treating Plaintiffs loan as in default

    d.    Adding improper late charges, penalties, and charges and other default charges when Plaintiff was making his mortgage payments.

**ANSWER:** Ocwen denies the allegations contained in paragraph 51 and its subparts.

52. OCWEN engaged in such above listed acts, omissions, and practices in the course of trade and commerce in financial services.

**ANSWER:** Ocwen denies the allegations contained in paragraph 52.

53. OCWEN engaged in such conduct with reckless indifference to Plaintiffs rights and as a part of a pattern-of such conduct. Plaintiff has suffered real and pecuniary damages as a result of OCWEN's conduct.

**ANSWER:** Ocwen denies the allegations contained in paragraph 53.

**WHEREFORE**, Ocwen requests that the Court enter judgment in its favor and against Plaintiff and award it such other relief that the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material breaches, omissions, failure to satisfy conditions precedent and/or to properly perform under the Note and the Mortgage.

2. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages, if any.
6

WHEREFORE, Ocwen requests that the Court enter judgment in its favor and against Plaintiff and award it such other relief that the Court deems just and equitable.

Dated:  August 12, 2015                                              Respectfully submitted,
                                                                     **DYKEMA GOSSETT PLLC**

                                                                     By: /s/  John F. Rhoades
                                                                     John F. Rhoades (ARDC # 6309999)
                                                                     Michael Gilman (ARDC #6182779)
                                                                     DYKEMA GOSSETT PLLC
                                                                     10 S. Wacker Dr., Suite 2300
                                                                     Chicago, IL 60606
                                                                     (312) 627-2279 / jrhoades@dykema.com
                                                                     Attorneys for Ocwen Loan Servicing, LLC